UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN VINICIO VALVERDE BERMEO (A-221-498-009),

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

Case No. 2:26-cv-01329 DAD-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Edwin Vinicio Valverde Bermeo (A-221-498-009), a noncitizen, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE").[1] (ECF No. 1.) Petitioner argues that his prolonged detention violates the Immigration and Nationality Act ("INA") the Fifth Amendment due process clause. (Id. (claims one and two).) On April 10, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner released. (ECF No. 9.) For the following reasons, this Court recommends that the petition be granted.

/ / /

[1] Petitioner filed a verified habeas petition. (ECF No. 1 at 10.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## II. DISCUSSION[2]

On April 6, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On April 7, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in Quichimbo-Jimenez v. Warden, California City Correctional Center, 2:26-cv-00739-DAD-EFB, 2026 WL

[2] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 9.)

679378 (E.D. Cal. Mar. 10, 2026), and J.P.C. v. Chestnut, et al., 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and other similar cases decided by the district court; "the date that petitioner was most recently detained" by immigration authorities; and "the dates and length of any prior detention if petitioner has been previously detained" by immigration authorities. (ECF No. 6.) On April 9, 2026, respondents filed a response to the petition and an opposition to the motion for a temporary restraining order, indicating that they do not oppose converting the motion into a motion for a preliminary injunction. (ECF No. 7.) In their response/opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2), but also acknowledged that this case does not appear to present any facts or legal arguments distinguishing it substantively from the cases identified by the district court. (See id.) Respondents further clarified that petitioner was detained on or around March 3, 2026, not March 2021. (Id.) On April 10, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the cases cited in the April 7, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (ECF No. 9.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from "re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Petitioner was released from ICE custody on April 11, 2026. (ECF No. 11.)

The Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition. (See ECF No. 10.) The parties did not submit any additional briefing, and briefing is completed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not

§ 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez and where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226(a), not § 1225(b)(2) as respondents argued (claim one), and that respondents violated petitioner's Fifth Amendment due process rights by detaining him without a hearing (claim two). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 9.

## III. RESPONDENTS' MOTION TO DISMISS

Petitioner named as respondents the Warden of the California City Correctional Center, ICE San Diego Field Office Director, ICE Acting Director, Secretary of the Department of Homeland Security and the United States Attorney General. (ECF No. 1 at 4.) Respondents filed a motion to dismiss all respondents but for petitioner's immediate custodian, Warden of the California City Correctional Center. (ECF No. 8.) In these circumstances, dismissal of non-custodians is inappropriate. See Osoria v Warden of the Cal. City Det. Ctr., No. 1:26-cv-01528 KES EPG (HC), 2026 WL 747297, at *1-2 (E.D. Cal. Mar. 17, 2026), findings and recommendations adopted, 2026 WL 947105 (E.D. Cal. Apr. 8, 2026) (finding that non-custodian respondents were properly joined in a habeas petition to permit enjoining future re-detention). Accordingly, respondents' motion to dismiss should be denied.

## IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents' motion to dismiss (ECF No. 8) be DENIED.
3. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Edwin Vinicio Valverde Bermeo (A-221-498-009) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is

legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/valv.1329.26.frs